Robertson, Ch. J.
Limited divorces are not favored. (Van Veghten v. Van Veghten, 4 John. Ch. 501.) They divest the husband of responsibility for the wife’s debts and she cannot well he sued for theln. Alimony in an action for such divorce is not a matter of course a good cause must be shown. (Worden v. Worden, 3 Edw. 387.) The statute requires both abandonment and a neglect or refusal to support, (2 R. S. 147, § 57, sub. 3. Ahrenfeldt v. Ahrenfeldt, Hoff. Ch. 497,) and it also requires that the hill of complaint shall “ specify particularly the nature and circumstances on which” *716 the plaintiff “relies, and shall set forth times and places with reasonable certainty.” An allegation of abandonment generally and of a neglect or refusal to support; although, perhaps, ' sufficient to sustain the bill except against a motion to make make more definite and certain, is not sufficient whereon to found a motion for alimony where it is denied. The applicant is bound to set forth the facts and circumstances which constitute the supposed abandonment, in order to enable the court to decide whether it ever occurred. In the present case, so far as any voluntary separation took place, the plaintiff without any assigned cause abandoned the home provided for her by her husband; and went to live elsewhere ; up to that time it is clearly proved that he suitably provided for. She also resisted his taking charge of their child to provide for it. She has never done any thing to repair her first fault of quitting that home. The only allegation of refusal to provide, is generally that the defendant has not done so, although often requested so to do ; when, where or how is not alleged. Under the circumstances she was bound to seek him out, offer to live with him, and demand a home. She has no right to select her place of residence and ask for alimony, because unable to accommodate herself to those with whom her husband requires her to reside, unless there is some palpable and definable objection to their character ór conduct.
The motion must be denied, with $7 costs.